JAMES CASERTA v. ZONING BOARD OF APPEALS
OF THE CITY OF MILFORD ET AL.
(13637)

Foti, Lavery and Heiman, Js.

Argued January 10—officially released April 16, 1996

*Cynthia C. Anger*, assistant city attorney, for the appellants (defendants).

*Benson A. Snaider*, with whom, on the brief, was *Kellie J. Garner*, for the appellee (plaintiff).

HEIMAN, J. The defendant zoning board of appeals of the city of Milford (board)[1] appeals from the judg-

---

[1] The Milford city clerk was cited as an additional defendant. The board has been regarded as the sole defendant throughout the course of the litigation. See *Caserta* v. *Zoning Board of Appeals*, 226 Conn. 80, 82 n.1, 626 A.2d 744 (1993).

ment of the trial court sustaining the plaintiff's appeal from the board's decision upholding the revocation of the plaintiff's zoning permit. First, the board claims that the trial court improperly considered the plaintiff's intent to reestablish a nonconforming use of the subject property instead of considering the prior owners' intent. Second, the board claims that if the trial court properly considered the plaintiff's intent to reestablish the nonconforming use, then, in doing so, it improperly assumed and relied on facts that were not contained in the record before the board. We agree with the board's first claim and, on that basis, we reverse the judgment of the trial court and remand the matter for further proceedings. Because we conclude that the trial court improperly considered the plaintiff's intent to reestablish the nonconforming use, we do not address the board's second claim.

This case has a protracted history. The facts and procedural evolution of this case are adequately set out in four prior appellate opinions. See generally *Caserta* v. *Zoning Board of Appeals*, 23 Conn. App. 232, 580 A.2d 528 (1990) (*Caserta I*); *Caserta* v. *Zoning Board of Appeals*, 219 Conn. 352, 593 A.2d 118 (1991) (*Caserta II*); *Caserta* v. *Zoning Board of Appeals*, 28 Conn. App. 256, 610 A.2d 713 (1992) (*Caserta III*); *Caserta* v. *Zoning Board of Appeals*, 226 Conn. 80, 626 A.2d 744 (1993) (*Caserta IV*). We will provide additional pertinent facts and procedural events as required.

In *Caserta IV*, supra, 226 Conn. 82, our Supreme Court concluded that the trial court did not apply the proper scope of review to the board's decision to uphold the revocation of the plaintiff's zoning permit.[2] Conse-

---

[2] The proper standard of review is as follows: "Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations.' . . . [*Protect Hamden/North Haven from Excessive Traffic & Pollution, Inc.* v. *Planning & Zoning Commis-*

quently, the court reversed the trial court's original judgment[3] and remanded the case to the trial court with direction to apply the appropriate scope of review in evaluating the validity of the board's decision. Id., 82, 91–92. Following the *Caserta IV* remand, the trial court filed a memorandum of decision sustaining the plaintiff's appeal and reversing the decision of the board. This appeal followed.

The board claims that the trial court, in determining that the board should not have upheld the revocation of the plaintiff's zoning permit, improperly focused on the intent of *the plaintiff* to reestablish the nonconforming use of the subject property. The board asserts that the trial court should have considered the evidence in the record regarding the *prior owners'* intent to reestablish the nonconforming use because they were the owners who originally discontinued that use. We agree with the board.

In its memorandum of decision, the trial court determined that the board improperly found that there had been an "abandonment" of the nonconforming use of the plaintiff's property pursuant to the Milford zoning regulations.[4] Accordingly, the trial court determined

*sion,* 220 Conn. 527, 544, 600 A.2d 757 (1991)]. Under this traditional and long-standing scope of review, the proper focus of a reviewing court is on the decision of the zoning agency and, with regard to its factual determinations, on the evidence before it that supports, rather than contradicts, its decision." (Internal quotation marks omitted.) *Caserta IV,* supra, 226 Conn. 86–87.

[3] The trial court's original judgment sustained the plaintiff's appeal from the decision of the board.

[4] Section 6.2.7 of the Milford zoning regulations at the time of the board's hearing provided: "<u>Abandonment.</u> Any non-conforming use which has been abandoned shall not thereafter be re-established. Any structure or land, or structure and land in combination which was formerly devoted to a non-conforming use which has been abandoned, shall not again be devoted to any use other than those uses which are allowable in the Zoning District in which it is located."

Section 6.2.7.1 of the Milford zoning regulations provided: "The term abandonment, as used herein, shall mean the voluntary discontinuance of

that the board should not have upheld the revocation of the plaintiff's zoning permit based on the abandonment of that nonconforming use. The trial court's reasoning was as follows. The trial court recognized that pursuant to the Milford zoning regulations, the abandonment of a nonconforming use exists where there is a "voluntary discontinuance of the use . . . 'accompanied by an intent no[t] to re-establish such use.'" The trial court determined that on the basis of the record, the board could reasonably have found that there was a "voluntary discontinuance" of the nonconforming use of the subject property for a number of years. The trial court's determination turned on its examination of the testimony of witnesses who appeared before the board. Those witnesses testified that the prior owners of the subject property had discontinued the nonconforming use. In addition to its determination that the prior owners had voluntarily discontinued the nonconforming use, the trial court also determined that "*the plaintiff intended to reestablish the former use of the property and had no intent not to do so.*" (Emphasis added.) Consequently, the trial court found that no abandonment of the nonconforming use had taken place pursuant to the Milford zoning regulations, and that the board had improperly determined otherwise. Thus, the trial court sustained the plaintiff's appeal from the decision of the board.

At the time of the hearing before the board, § 6.2.7 of the Milford zoning regulations mandated the following:

a use, when accompanied by an intent no[t] to re-establish such use. Any one of the following shall constitute prima facie evidence of intent to abandon:

"(1) Any failure to take all necessary steps to resume the non-conforming use with reasonable dispatch in the circumstances, including advertising of the property for sale or for lease; OR

"(2) In the case of a non-conforming use of a structure or of a structure and land in combination, discontinuance of the non-conforming use for 6 consecutive months, or for a total of 18 months during any three year period; OR

"Any non-conforming use which has been abandoned shall not thereafter be re-established. Any structure or land, or structure and land in combination which was formerly devoted to a non-conforming use which has been abandoned, shall not again be devoted to any use other than those uses which are allowable in the Zoning District in which it is located." Moreover, § 6.2.7.1 established that "[t]he term abandonment, as used herein, shall mean the voluntary discontinuance of a use, when *accompanied by* an intent no[t] to re-establish such use. . . ." (Emphasis added.) Thus, under the regulations, two criteria must be satisfied in order to establish abandonment of a nonconforming use: (1) that there was a voluntary discontinuance of the use; and (2) that the voluntary discontinuance was *accompanied by* an intent not to reestablish that use. Accord *Cummings* v. *Tripp*, 204 Conn. 67, 93, 527 A.2d 230 (1987).

The trial court, in reviewing the decision of the board, was required to "determine only whether the assigned grounds [for the board's decision] are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." (Internal quotation marks omitted.) *Caserta IV*, supra, 226 Conn. 86–87. We conclude that the trial court improperly reviewed the record before the board in light of the Milford zoning regulations. The trial court determined that the record supported a finding that the prior owners had voluntarily discontinued the nonconforming use, but the trial court did not determine *whether the record supported a finding that the prior owners' discontinuance of the nonconforming use was accompanied by their intent not to reestablish that use.* Instead, the trial court improperly focused on the *intent of the plaintiff* to reestablish the nonconforming use, while, according to

"(3) In the case of land only, discontinuance of the non-conforming use for 30 consecutive days, or for a total of 3 months during a one-year period."

the trial court's examination of the record, the plaintiff was not the person who voluntarily discontinued that use. Thus, the trial court, in reviewing the board's findings in conjunction with the Milford zoning regulations, improperly interpreted those regulations and failed to consider the evidence in the record regarding the prior owners' intent to reestablish the nonconforming use following their voluntary discontinuance of that use.

To determine if the record before the board supported a finding of abandonment pursuant to the Milford zoning regulations, the trial court, having already determined that the record supported the finding that the prior owners had voluntarily discontinued the nonconforming use, is next required to determine whether the record supported the finding that the prior owners' voluntary discontinuance of that use was accompanied by *their* intent not to reestablish that use. Milford Zoning Regs., § 6.2.7.1 (1987). On the basis of that determination, the trial court should proceed with its findings and render judgment accordingly.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.