[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal challenges the decision of the defendant Town of Wethersfield Board of Appeals granting defendant Douglas Blake's application for a variance permitting him to improve and enlarge a building he intends to use as a general automobile repair shop.
The property in question is located on the Berlin Turnpike in the Town of Wethersfield. It was purchased by defendant Blake for the purpose of operating his car repair business from that location. Blake's property abuts the property of the plaintiff who operates a financial services business[1]. Beginning in 1954 and continuing at least through 1982, Blake's property was the site of a gasoline station on which the former proprietors also conducted an automobile repair business. As reflected in the record, the Board, on various occasions during the 1954-1982 period, approved the use of the property for the sale of gasoline and automotive repairs.
The property is located in an IP, or Industrial Park, zone. Because of the property's relatively small size, it does not satisfy the minimum two acre lot size required in an IP zone, and therefore, absent a variance, cannot be used for any IP approved project. In his application to the Board, the defendant Blake sought approval for a general repairers license, and a variance to enlarge an existing repair garage and to park over the building line. The principal dispute in this appeal is whether use of the property as the site for general automotive repairs constitutes a valid non-conforming use. The plaintiff claims that because an automobile repair shop does not constitute a valid non-conforming use, the Board erred in granting Blake's application for a variance because, under the Board's regulations, general auto repairs are expressly prohibited in an CT Page 3461-A IP zone.
 I.
The legal standards governing this appeal are well established. A local zoning board has the power to grant a variance under General Statutes § 8-6 (3) when two basic conditions are met: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Smith v. Zoning Board of Appeals,174 Conn. 323, 326 (1978).
The granting of a variance must be reserved for unusual or exceptional circumstances. Ward v. Zoning Board of Appeals,153 Conn. 141, 145 (1965). Proof of hardship is a condition precedent to granting a variance. Point O'Woods, Inc. v. Zoning Board ofAppeals, 178 Conn. 364, 365 (1979). The hardship must "arise from circumstances or conditions beyond the control of the property owner." Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39
(1982). "Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance . . . The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances beyond the control of the party involved." Id. A hardship that is self-created is not the basis for approving a variance. Id.
"Upon an appeal from the granting of a variance . . . the court may not substitute its own discretion for that of the board. It may interfere only if the board acted arbitrarily or illegally or so unreasonably as to have abused its discretion."Culinary Institute of America, Inc. v. Board of Zoning Appeals,143 Conn. 257, 262 (1956). The credibility of witnesses and the determination of factual issues are matters within the province of the board of appeals. Stankiewicz v. Zoning Board of Appealsof Town of Montville, 15 Conn. App. 729 (1988). If the reasons assigned by the Board are reasonably supported by the record and are pertinent considerations for granting a variance, the decision must be upheld. Iannucci v. Zoning Board of Appeals,25 Conn. App. 85 (1991). A reviewing court may not substitute its judgment for that of the board as long as an honest judgment has been reasonably made. Stankiewicz v. Zoning Board of Appeals,
CT Page 3461-B supra.
 II.
The defendant's property is located in an Industrial Park (IP) zone. The Town of Wethersfield Zoning Regulations § 167-63 expressly prohibits property in an IP zone from being used as "public garages, filling stations and establishments for the sale, service or repair of motor vehicles." Relying on this prohibition, the plaintiff argues that it was error for the defendant Appeals Board to approve the variance. Specifically, the plaintiff argues that because establishments for the repair of automobiles are prohibited in an IP zone, the only basis upon which the variance could have been granted would have been the determination by the Appeals Board that the use of the property as a repair station is a valid non-conforming use. The plaintiff insists, however, that such a finding would be erroneous because the property's status as nonconforming has been abandoned.
Preliminarily, plaintiff's argument apparently assumes that in fact the property or building was a valid nonconforming use as an automobile repair station.[2] This assumption is correct. The Wethersfield Zoning Regulations § 167-1 defines nonconforming use as: "Any land being lawfully used or any building or part thereof being lawfully used, constructed, moved or altered in a manner or for a purpose which does not conform to the requirements of this chapter or any amendment thereto upon the effective date of enactment of such chapter or amendment." The test of whether a use is nonconforming, therefore, is whether, at the time of the effective date of the zoning regulations, the property or building was being used in a manner that does not conform to the regulations. "[A] nonconforming use is merely an existing use established prior to zoning regulations the continuation of which is authorized by statute or by zoning regulations." Connecticut Practice Series, Fuller, Land Use Lawand Practice § 52.2, 840-841. Adolphson v. Zoning Board ofAppeals of Fairfield, 205 Conn. 362 (1988).
The Wethersfield Zoning Regulations prohibiting automotive repair businesses in an IP zone were adopted in 1972. The parties agree and the record demonstrates that as early as 1954 the property in question was being used as a gasoline and automotive repair station. Unquestionably, the plaintiff's property qualifies as a nonconforming use. CT Page 3461-C
The plaintiff nevertheless argues that since the property isnot presently being used as a repair station, its status as a nonconforming use has been abandoned. "It is a well established rule that before a nonconforming use can be found to have been abandoned, there must be an intention on the part of the owner to relinquish permanently the nonconforming use . . . Abandonment in this jurisdiction is a question of fact. It implies a voluntary and intentional renunciation but the intent may be inferred as a fact from the surrounding circumstances. Since, however, the conclusion of intention is an inference of fact, it is not reviewable unless it was one which the trier could not reasonably make." Blum v. Lisbon Leasing Corporation, 173 Conn. 175, 181-82
(1977) (internal quotations and citations omitted); Caserta v.Zoning Board of Appeals, 41 Conn. App. 77 (1996).
A review of the record indicates that there is ample evidence from which the Board could conclude that the nonconforming use has not been abandoned. While it is true that the property in question has been vacant for a number of years, that fact, by itself, does not compel the conclusion that it was the prior owner's intention to abandon its use as a site for automotive repairs. Id. The record reveals that for at least 28 years the property in question had been used continuously as a gasoline and repair station. The property is still owned by a petroleum company.
This case is different than those in which courts have found an intent to abandon based on a clear departure from the previous use. See, e.g., Blum v. Lisbon Leasing, supra, converting gasoline and repair station to tire recapping, tire repair and truck leasing facility; and Point O'Woods Association Inc. v.Zoning Board of Appeals of the Town of Old Lyme, supra. In those cases there was affirmative evidence, based on a change in use, of the owner's intent to abandon the previous nonconforming use. There is no such evidence in this case. The most that can be said is that the property has not been used for any purpose for an extended period of time. Abandonment is a question of fact, the determination of which is entrusted to the sound discretion of the administrative agency. Based on the record before the Board, its finding that the owner of the property has not abandoned its nonconforming use is not clearly erroneous. Stankiewicz v. ZoningBoard of Appeals of Town of Montville, supra.[3]
The plaintiff also argues that the Board erred in approving CT Page 3461-D the variance because the defendant Blake failed to demonstrate the necessary hardship. Under General Statutes § 8-6 (3) an applicant for a variance must demonstrate that adherence to the strict letter of the zoning regulation will cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Smith v. Zoning Board of Appeals, 174 Conn. 323
(1978). The hardship must "arise from circumstances or conditions beyond the control of the property owner . . . Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance . . . The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arise directly out of the application of the ordinance to circumstances beyond the control of the party involved." Pollard v. Zoning Board of Appeals, 186 Conn. 32,39-40 (1979) (internal quotations and citations omitted).
The plaintiff argues that because the claimed hardship was both voluntarily incurred and economic in nature, the variance should not have been approved. Specifically, plaintiff argues that the defendant purchased the property knowing that its location in an IP zone would prohibit its use as an automotive repair shop, and that any hardship that flows from that prohibition is merely economic.
In Adolphson v. Zoning Board of Appeals, 205 Conn. 703 (1988) an almost identical argument was rejected by the the Supreme Court. In Adolphson, the property in question was formerly used as a foundry which was deemed to be a valid nonconforming use. The new owner purchased the property with the specific intention of converting it to an automobile repair shop even though the existing zoning regulations specifically prohibited automobile repair shops in an industrial zone. The approval of the variance was upheld by the Supreme Court over the objection of a neighbor who argued, as the plaintiff does in this case, that the hardship was voluntarily incurred and economic in nature. In rejecting the neighbor's claim the Supreme Court stated:
 We have stated that [t]here has always existed a distinction between circumstances such as those . . . where the applicant or his predecessor in interest creates a hardship such as an undersized lot, and a situation where the hardship which would justify the grant of a variance originates in the zoning CT Page 3461-E ordinance itself. Where a nonconformity exists, it is a vested right which adheres to the land itself. And the right is not forfeited by a purchaser who takes with knowledge of the regulations which are inconsistent with the existing use. Where the applicant or his predecessor creates a nonconformity, the board lacks power to grant a variance. But if the hardship is created by the enactment of a zoning ordinance and the owner of the parcel could have sought a variance, then the purchaser has the same right to seek a variance and, if his request is supported in law, to obtain the variance. Otherwise the zoning ordinance could be unjust and confiscatory.
Adolphson v. Zoning Board of Appeals, supra, 712-13.
This case is plainly governed by Adolphson. As in Adolphson,
the defendant purchased the property subject to the nonconforming use, a right which runs with the land. Also, as in Adolphson, Mr. Blake seeks to change the established nonconforming use to a less offensive nonconforming use by elimination of the sale of gasoline. And, just as in Adolphson, the defendant Blake did not create the nonconformity and his "purchase of the [gas station], a nonconforming use, with knowledge that an automobile repair shop is prohibited in an industrial district zone does not militate against [Blake's] use variance application." Id.
Finally, pursuant to Wethersfield Zoning Regulations § 167-75 the minimum lot size required in the Industrial Park zone is two acres. Because plaintiff's property is far less than 2 acres, any authorized use of it would necessarily require a variance, supporting the conclusion that the hardship arises out of the regulations themselves. For all of these reasons there was a substantial basis for the Board concluding that the hardship was not voluntarily created or economic in nature. Accordingly, the Board did not err by granting the defendant Blake's application for a variance.
Finally, the plaintiff contends that the Board's decision constitutes illegal spot zoning. An identical argument was considered and rejected in Adolphson v. Zoning Board of Appeals,
supra. CT Page 3461-F
For the foregoing reasons the plaintiff's appeal is dismissed.
Robert L. Holzberg, J.