[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the above-captioned administrative appeal the plaintiffs, the City of Hartford and its purchasing department ("city"), appeal from the decision of the defendant Freedom of Information Commission ("FOIC") regarding a request for access to certain records filed by defendants Rick Green and the Hartford Courant ("complainants").
The documents that Mr. Green and the Hartford Courant sought to inspect were the responses submitted by various management firms to a Request for Proposals ("RFP") for private management of the Hartford public school system. CT Page 4225-SSS
The FOIC rejected the city's claim that the documents are exempt from disclosure pursuant to General Statutes §§ 1-19a and 1-19b(7) as part of a confidential competitive procurement
process conducted pursuant to the Hartford City Charter. The city appeals from the decision of the FOIC that the documents at issue are required to be disclosed as non-exempt public records pursuant to the Freedom of Information Act.
History of the Proceedings
By a letter dated July 8, 1994, Rick Green and the Hartford Courant complained to the FOIC that they had on that date been denied access to the responses received by the city from various management firms in response to its RFP to manage the school system. The city advised the complainant verbally on July 8, 1994 and by a letter dated July 11, 1994 that it considered the documents exempt from disclosure until the competitive bidding process was concluded. On July 15, 1994, the city advised the CT Page 4226 complainants that the procurement process had been concluded and that they could have access to the documents. The issue in the complaint to the FOIC was the refusal to allow access to the documents before July 15, 1994, when the city declared the procurement process terminated.
The FOIC found that certain portions of the documents set forth commercial and financial information about the submitters of the proposals and that the city was not required to provide access to that information. No appeal has been filed as to that determination.
The FOIC ruled that other than the specified financial statements and proprietary commercial information, the proposals were public records within the meaning of General Statutes §1-19 (a) and that the city violated the Freedom of Information Act by refusing the complainants access to them until after July 15, 1994.
At oral argument on this appeal on March 15, 1996, the parties urged this court to delay adjudication until the Appellate Court had ruled in a case similarly involving the claim that submissions received by the City in response to an RFP are exempt from disclosure until the competition is concluded. That case, City of Hartford v. Freedom of Information Commission,41 Conn. App. 77 (1996), was decided on April 16, 1996. This court has provided all parties with an opportunity to file briefs commenting on the applicability of the ruling in that case to the administrative appeal before this court.
This court has considered, in addition to the record and the briefs filed initially, a supplemental brief and case law filed by the city analyzing the ruling of the Appellate Court. The city takes the position that the Appellate Court did not decide whether the City Charter provision allowed the city to refuse to provide access to the responses of vendors of management services to an RFP issued by the city. While the appeal of the FOIC was upheld on the ground that the reviewing court had failed to apply the standards of review provided by the Uniform Administrative Procedure Act, the city overlooks the fact that the Appellate Court also decided its cross appeal. In the cross appeal, the city claimed that the same provision of the City Charter it invokes in the present case precluded disclosure of responses to an RFP. The Appellate Court discussed that claim on the merits and explicitly rejected it, affirming the trial court's judgment CT Page 4227 as to the cross appeal. Hartford v. FOIC, 41 Conn. App. 74-76.
Standard of Review
Judicial review of an administrative agency's action is governed by the Uniform Administrative Procedure Act, General Statutes §§ 4-166-189; and the scope of that review is very restricted. Hartford v. Freedom of Information Commission,41 Conn. App. 67, 72 (1996). While General Statutes § 4-183 (j) authorizes remand where an agency has acted in violation of constitutional or statutory provisions, in excess of the agency's statutory authority, upon unlawful procedure, or in a clearly erroneous way in view of the reliable evidence as a whole, an administrative's agency's construction of a statute it is charged with enforcing is entitled to deference unless the construction violates rules of statutory construction, or has not been consistently applied by the agency over a period of time.Connecticut Alcohol Drug Abuse Commission v. Freedom ofCommission, 233 Conn. 28, 39 (1995); West Hartford InterfaithCoalition. Inc. v. Town Council, 228 Conn. 498, 507 (1994).
Issue
The FOIC concluded that the documents at issue were public records within the meaning of General Statutes §§ 1-18a(d) and1-19 (a) and that the only portions of them that were established to be exempt from disclosure pursuant to § 1-19(b) were the financial statements concerning the bidders and proprietary commercial information that the FOIC found to be exempt pursuant to § 1-19(b)(5). The agency found that the remainder of the documents by which management firms made proposals in response to the RFP were not exempted from disclosure either by §§1-19(b)(5) or 1-19(b)(7) or by the Charter of the City of Hartford.
The City claims that the FOIC erred in finding that the proposals did not relate to a public supply contract within the meaning of § 1-19b(7) and in failing to give effect to a nondisclosure provision in the City Charter.
Aggrievement
Aggrievement is not contested, and this court finds that the City is aggrieved by the ruling of the FOIC.
Failure of the FOIC to Recognize Charter Exemption
CT Page 4228
The City claims that the FOIC's ruling failed to give effect to a provision of the Charter of the City of Hartford, Chapter VIII § 10, that the City claims requires bids or proposals to be kept confidential until a contract is awarded. The City made the same argument with regard to proposals responding to an RFP in Hartford v. Freedom of Information Commission, 41 Conn. App. 67
(1996). The Appellate Court ruled that the cited Charter provision did not support the City's claim of exemption as to proposals submitted in response to an RFP. Hartford v. FOIC,41 Conn. App. 76.
The City also claims that the proposals submitted in response to the issuance of an RFP are exempt pursuant to § 1-19(b)(7), which exempts "(7) the contents of real estate appraisals, engineering or feasibility estimates and evaluations made for or by an agency relative to the acquisition of property or to prospective public supply and construction contracts, until such time as all of the property has been acquired or all proceedings or transactions have been terminated or abandoned . . ."
The City advocated the applicability of the same exemption for proposals responding to an RFP for the services of a construction manager in Hartford v. FOIC, 41 Conn. App. 73. The Appellate Court ruled as follows on that point:
 After a complete and thorough reading of the record, we conclude that there is substantial evidence in the record to support the commission's decision that the responses to the RFP are not exempt from disclosure under § 1-19(b)(7). In light of the evidence, the commission did not act unreasonably, arbitrarily or illegally. The commission's conclusion must stand because it resulted from a correct application of the law to the facts found and reasonably and logically followed from such facts.
Hartford v. FOIC, 41 Conn. App. 74.
The City has not demonstrated that the responses to the RFP for school management services at issue in this case are factually or legally different from the construction management services at issue in Hartford v. FOIC, supra. This court finds that the FOIC did not act illegally or unreasonably in concluding that the facts did not establish a situation subject to the CT Page 4229 exemption set forth in § 1-19(b)(7).
The burden of establishing the applicability of an exemption clearly rests upon the party claiming the exemption. CADAC v.FOIC, 233 Conn. 43; Perkins v. Freedom of Information Commission,228 Conn. 158, 167 (1993); New Haven v. Freedom of InformationCommission, 205 Conn. 767, 775 (1988).
The City has not established that the FOIC erred in finding that the documents at issue had not been proven to be exempt under any applicable exemption.
Conclusion
For the foregoing reasons, the appeal is dismissed.
Beverly J. Hodgson Judge of the Superior Court