[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiffs, Louis J. Perone, Sr., and Sharon Perone ("the Perones"), appeal from a decision of the defendant, the Wallingford Zoning Board of Appeals ("the ZBA"), denying their appeal from a decision of the Zoning Enforcement Officer ("ZEO").
The Perones are owners of property designated 18 Grantham Road in the Town of Wallingford. By certified letter dated July 16, 1998, Thomas M. Talbot, Assistant Town Planner ("the ZEO"), ordered the Perones to "cease and desist" the use of any portion of said property for the storage of commercial vehicles and construction equipment. The plaintiffs duly appealed this order to the ZBA by application dated July 22, 1998. A public hearing CT Page 12234 on said appeal from the ZEO's decision was held on September 21, 1998, following which the ZBA denied the plaintiffs' appeal. An appeal to this court followed.
A hearing was held in this court on April 28, 1998, at which the plaintiffs were found aggrieved for the purpose of taking this appeal.
 II
The plaintiffs purchased the subject property from Donald A. Schmelter on or about March 14, 1997. The property was part of a parcel acquired by Schmelter's father circa the mid-1950s. It is undisputed that for many years, Donald Schmelter's father, and later, Donald Schmelter, operated an excavating business from the family property, including storage, maintenance and parking on the premises of construction equipment and commercial vehicles. This use predated zoning and there is no dispute that when, circa 1958, the area was zoned residential, the use of the property to conduct such business became a valid, non-conforming use. The subject property contains a residence with two-car garage and a separate garage with a capacity to house six vehicles.
At some time prior to his sale of the property to the plaintiffs, Donald Schmelter ceased his excavating business and sold or gave away his equipment. Following the sale of the subject property to the Perones, Schmelter moved to Florida.
Following their purchase of the subject property, the Perones have leased storage space on their property to Robert Violette, who operates a lawn-mowing business. Violette parks one or more pickup trucks on the premises, as well as a trailer on which he transports mowing equipment and stores mowing machines in the six-car garage. It was this tenant's activity that came to the ZEO's attention, leading to the "cease and desist"letter dated July 16, 1998.
It is the plaintiffs' claim that Schmelter never abandoned the non-conforming use, or at least that aspect of the use which consisted of storage of commercial vehicles and equipment. The plaintiff and both his and the seller's real estate agents testified that Schmelter had represented that the property was "grandfathered," had described the said garage as "multi-use" in promotional literature and, in summary, represented that the property could be used for the storage of commercial equipment; CT Page 12235 ergo, say the plaintiffs, this indicates intent to re-establish the use; this being the case, Schmelter could not have evidenced an intent not to re-establish the use.
 III
Judicial review of the ZBA's decision is limited to a determination of whether its decision was arbitrary, illegal or an abuse of discretion, Whitaker v. Zoning Board of Appeals,179 Conn. 650, 654. The burden of showing the agency has acted improperly rests upon the one who asserts it, Mario v. Fairfield,217 Conn. 164, 169. Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly exercised after a full hearing, Torsiello v. Zoning Boardof Appeals, 3 Conn. App. 47, 49.
The ZBA, in denying the plaintiffs' appeal, stated its reasons: "(T)here is a clear intent of abandonment by the previous property owner, and also that there has not been sufficient evidence presented to this Board tonight by the current property owners to prove that the prior, existing, non-conforming use was in fact not abandoned," Where the Board states the reasons for its action, the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations the Board is required to apply under the zoning regulations, Irwin v. Planning Zoning Commission,244 Conn. 619, 629.
Section 6.13 A. 6. of the Wallingford Zoning Regulations provides: "No non-conformity use which has been abandoned shall thereafter be resumed." To establish abandonment there must be a showing that there was a voluntary discontinuance of the use and that that discontinuance was accompanied by an intent not to reestablish that use, Caserta v. Zoning Board of Appeals,41 Conn. App. 77, 82. The court concludes that there is substantial evidence in the record to support the ZBA's action and its finding of clear intent of abandonment by the previous owner.
 IV
The non-conforming use established by the Schmelters was operation of an excavating business with the attendant parking and storage of commercial vehicles and equipment on the property. CT Page 12236 There was testimony in the record from two neighbors, Mary Lou Williams and Werner Mordaski, stating their belief that Schmelter had ceased operation of his business and abandoned the use prior to his sale of the property to the Perones. A notarized letter from Donald A. Schmelter was introduced into the record (Return of Record Exhibit 2d) The letter stated, inter alia: "In March of 1997 I sold the property . . . to Louis and Sharon Perone." "At no time did I ever represent the property as being commercial." "In January of 1995, after many years of operating an excavating business, I decided to sell my equipment." "In 1996 I decided that I wanted to put my property on the market for sale." "Since I no longer owned my own equipment, I borrowed some from my friend an(sic) neighbor, Billy Beaumont." "I would also like to say that at no time had I ever rented out any portion of my property to anyone for anything." Thus, there was substantial evidence in the record from which the ZBA could conclude that Schmelter had ceased the non-conforming use and evidenced an intent to abandon the use prior to the sale of the property to the plaintiffs. The ZBA had a basis to conclude that the presence of borrowed equipment on the property for purposes of cleaning up the property to "help with a sale" did not signify continuance of a non-conforming, commercial use of the property. The ZBA had a basis to uphold the ZEO's action in issuing the "cease and desist" order.
Clearly, there was conflicting evidence in the record. The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence, Samperi v. InlandWetlands Agency, 226 Conn. 578, 588 (citations, internal quotation marks omitted). Courts are not to substitute their judgment for that of the board, Torsiello v. Zoning Board ofAppeals, 3 Conn. App. 47, 49.
 V
The plaintiffs argue that the said notarized letter from Schmelter was not properly before the ZBA and should not have been considered by the ZBA. The claim is that the letter was untimely received, its contents were hearsay and that the plaintiffs were deprived of an opportunity to question the writer.
"[A]dministrative tribunals are not strictly bound by the rules of evidence and . . . they may consider evidence which would CT Page 12237 normally be incompetent in a judicial proceeding, so long as the evidence is reliable and probative," Casella v. Civil ServiceCommission, 4 Conn. App. 359, 362 (citations omitted).
While proceedings before zoning boards are informal and conducted without regard to the strict rules of evidence, nevertheless, they cannot be so conducted as to violate the fundamental rules of natural justice, Id., at 363 (citations, quotation marks omitted). While Schmelter was not present for questioning at the administrative hearing, the plaintiffs' attorney vigorously dissected the contents of the letter in question, pointing out what he considered to be inconsistencies, ambiguities and untruths in the letter, as well as testimony from others contradicting assertions in the letter. Moreover, the plaintiffs' counsel urged the letter be made part of the record at the administrative hearing. The court notes that the plaintiffs introduced contrary evidence in the form of an affidavit from Albert William Beaumont, who also did not testify at the administrative hearing. The plaintiffs ask the court to apply the tests for admissibility posited in Casella v. CivilService Commission, supra, at 364. Doing so, the court finds that the witness, Schmelter was unavailable; that he could be considered to have an interest in denying claims of the plaintiffs as to his representations to him; that, however, his written statements were not devoid of probative value, and other testimony in the record could reasonably be construed by the ZBA as corroborative. There was nothing in the nature and atmosphere of the administrative hearing that could be construed as hostility, or an adversarial posture of the ZBA, prejudicial to the plaintiffs. The court finds that admission of said letter into evidence was proper and that ZBA members were entitled to give its contents the weight they considered appropriate.
The plaintiffs concede there was, "perhaps", evidence in the record which may have shown a discontinuance of the non-conforming use by Schmelter, but claim that there was nothing in the record to show an intent by Schmelter to abandon the use. "Abandonment" is a question of fact which implies a voluntary and intentional renunciation. Nevertheless, the intent to abandon may be inferred from the circumstances, Cummings v. Tripp,204 Conn., 67, 93 (citations omitted).There was evidence in the record which allowed the ZBA to conclude that the discontinuance of the prior owner's business and the disposition of his commercial vehicles and equipment by sale or gift, evidenced his intent not only to discontinue the use but to abandon it. Because the conclusion as CT Page 12238 to the intention of the landowner is an inference of fact, it is not reviewable unless it was one which the trier could not reasonably make, Id, (citations, quotation marks omitted).
The plaintiffs' final claim, that the ZBA impermissibly placed the burden of proof on the plaintiffs to show that the prior, existing non-conforming use was not abandoned, need not long detain us as the court has found there was substantial evidence in the record to support the ZBA's finding that "there is a clear intent of abandonment by the previous property owner."
The plaintiffs have failed to establish, by a fair preponderance of the evidence, that the defendant ZBA acted illegally, arbitrarily or in abuse of discretion in denying the plaintiffs' appeal from the decision of the ZEO.
Accordingly, the plaintiffs' appeal to this court is dismissed, and judgment may enter in favor of the defendant, the Wallingford Zoning Board of Appeals.
By the Court,
Downey, J.