JAMES CASERTA *v.* ZONING BOARD OF APPEALS OF THE CITY OF MILFORD ET AL.
(14606)

CALLAHAN, BORDEN, NORCOTT, KATZ and PALMER, Js.

Argued March 24—decision released June 22, 1993

*Cynthia C. Anger,* assistant city attorney, for the appellant (named defendant).

*Benson A. Snaider,* with whom, on the brief, was *Ellen Scalletar,* for the appellee (plaintiff).

BORDEN, J. The certified issue of this appeal is: "When the actions of a zoning enforcement officer are reviewed by a zoning board of appeal, is the proper focus for subsequent judicial review the decision of the

zoning enforcement officer or the decision of the zoning board of appeal?" *Caserta* v. *Zoning Board of Appeals,* 223 Conn. 922, 614 A.2d 820 (1992). The defendant, the Milford zoning board of appeals (board),[1] appeals, upon our grant of certification; id.; from the judgment of the Appellate Court. The Appellate Court concluded that: (1) the trial court had applied the proper scope of review to the decision of the board; but (2) the trial court improperly failed to consider an additional issue that had been raised concerning the board's decision. In accordance with this reasoning, the Appellate Court reversed the judgment of the trial court and remanded the case for further proceedings.

We disagree with the Appellate Court's conclusion that the trial court employed the proper scope of review to the board's decision. We conclude that, following an appeal from the action of a zoning enforcement officer to a zoning board of appeals, a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning enforcement officer, but on the decision of the board and the record before the board. We also conclude, however, that in this case the trial court has yet to determine the propriety of the decision of the board in accordance with the proper scope of review. Accordingly, we affirm in part and modify in part the judgment of the Appellate Court.

This is the fourth time that this case has been before the appellate courts of this state. See *Caserta* v. *Zoning Board of Appeals,* 23 Conn. App. 232, 580 A.2d 528 (1990) (*Caserta I*); *Caserta* v. *Zoning Board of Appeals,* 219 Conn. 352, 593 A.2d 118 (1991) (*Caserta II*);

---

[1] Although the Milford city clerk was originally cited as an additional defendant, throughout the course of the litigation, both at trial and on appeal, the board has been regarded as the sole defendant. See *Caserta* v. *Zoning Board of Appeals,* 219 Conn. 352, 353 n.1, 593 A.2d 118 (1991).

*Caserta* v. *Zoning Board of Appeals*, 28 Conn. App. 256, 610 A.2d 713 (1992) (*Caserta III*). A brief history is nonetheless in order.

Peter Crabtree, the Milford zoning enforcement officer, issued a zoning permit to the plaintiff, James Caserta, to make certain alterations to the plaintiff's building. See *Caserta II*, supra, 354. Thereafter, Crabtree revoked the permit on the order of the chairman of the Milford planning and zoning board. The plaintiff appealed the revocation to the zoning board of appeals. Among the issues before that board were: (1) whether the plaintiff's proposed use of the property was a continuation of a nonconforming use or whether, to the contrary, the proposed use would involve a change of use from a nonconforming use; and (2) whether the plaintiff had abandoned any nonconforming use. Id., 355–56. A number of witnesses testified before the board. These witnesses included several who testified that the prior nonconforming use of the building as a hotel had been abandoned. *Caserta II*, supra, 356. Also, Crabtree testified that there had been neither a change of the nonconforming use nor an abandonment thereof. Id., 355. The board denied the plaintiff's appeal.[2] Id., 356.

---

[2] By letter dated April 22, 1988, from the chairman of the board to the plaintiff's attorney, the board gave the following as its reasons for denying the plaintiff's appeal: "At its meeting held on April 12, 1988, the Zoning Board of Appeals voted to deny the appeal of the decision of the Zoning Enforcement Officer, thereby upholding the revocation of the permit.

"It was felt the permit was improperly issued and there was no evidence of reliance on the permit or work begun to establish vested rights, therefore, no rights were denied in the process of revocation. It was noted there was no attempt to remedy violations during this period of discontinuance of use and this evidences abandonment, and noted there is authority to provide for abandonment of non-conforming use when there is presumption of intent to abandon.

"Appeals to this ruling must be filed with the proper judicial court of law within fifteen days of the publication of the legal advertisement. Said legal notice to be published in the MILFORD CITIZEN."

The plaintiff appealed to the trial court from the decision of the board denying his appeal from the revocation of the permit. The trial court sustained the plaintiff's appeal, ruling that: (1) Crabtree had properly issued the permit; (2) the permit had been illegally revoked; and (3) Crabtree's determination that the non-conforming use had not been abandoned could have been reasonably reached. Id.

The board appealed, upon a grant of certification; see General Statutes § 8-9; to the Appellate Court, claiming that the trial court had not applied the proper scope of review to the board's decision and had not recognized facts and reasons in the record supporting the board's decision.[3] Id., 357. The crux of these claims was that "the trial court improperly focused on whether Crabtree's decision to issue the permit had been supported by sufficient evidence, rather than on whether the de novo decision of the board to reject the plaintiff's appeal had been supported by sufficient evidence." Id., 357 n.5 The Appellate Court did not address these claims. It held, instead, that the board lacked subject matter jurisdiction to affirm Crabtree's revocation of the permit due to Crabtree's improper motive in revoking the permit. *Caserta I,* supra, 236-37. Accordingly, the Appellate Court affirmed the judgment of the trial court sustaining the plaintiff's appeal from the decision of the board. Id.

We granted the board's petition for certification, limited to the following issue: "Was the Appellate Court correct in holding that the zoning board of appeals lacked jurisdiction and that it was unnecessary to decide the board's scope of review?" See *Caserta II,* supra,

---

[3] The board also claimed that the trial court had improperly admitted evidence and had improperly determined that Crabtree was the zoning enforcement officer of Milford. These issues have been determined adversely to the board, and are no longer part of this case. *Caserta* v. *Zoning Board of Appeals,* 219 Conn. 352, 357 n.5, 593 A.2d 118 (1991).

353–54. In *Caserta II,* we agreed with the board's contention that "the Appellate Court improperly concluded that (1) the board lacked jurisdiction to hear the plaintiff's appeal, and (2) it was unnecessary, therefore, [for the Appellate Court] to decide whether the trial court applied an improper scope of review to the board's decision." Id., 358. We therefore reversed the judgment of the Appellate Court in *Caserta I,* supra, and remanded the case "to that court for determination of whether the trial court applied a proper scope of review to the decision of the board." *Caserta II,* supra, 363.

This remand engendered *Caserta III,* from which the board now appeals to this court. In *Caserta III,* supra, 259, the Appellate Court disagreed with the board's contention that the trial court "improperly considered the actions of the zoning enforcement officer rather than the entire record on which the board relied." The Appellate Court held that the trial court had applied a proper scope of review. Id., 260–61.[4] This appeal followed.

The board claims that the Appellate Court improperly concluded that the trial court had applied a proper scope of review to the decision of the board. We agree.

In order to analyze this claim, it is necessary to review the trial court's decision anew. In the portion of its decision regarding the plaintiff's entitlement to the permit, the trial court focused entirely on Crabtree's testimony before the board, and on his opinions that the permit had been validly issued and that the plaintiff had not abandoned the nonconforming use. The trial court then stated: "It is obvious that Mr. Crabtree knew the situation concerning the plaintiff's prop-

---

[4] The Appellate Court also held, however, that the trial court had never addressed an additional issue that had been before it, namely, whether "because of a 'presumption of abandonment,' the plaintiff's cessation of the nonconforming use resulted in the plaintiff's relinquishing the right to use the property in the nonconforming manner." *Caserta* v. *Zoning Board of Appeals,* 28 Conn. App. 256, 262, 610 A.2d 713 (1992).

erty. It is also obvious that he had determined to his own satisfaction that all requirements of the Zoning Regulations had been met." The trial court then concluded: "Mr. Crabtree felt that there was no abandonment. He found this on his knowledge of the property and the ruling of the City Attorney in the Midtown Package Store case that in that case there had been no abandonment. *The court cannot find that Mr. Crabtree's ruling could not have been reasonably reached under the circumstances.*" (Emphasis added.)

It is clear, therefore, that the trial court considered that its function was to determine whether Crabtree's initial decision to issue the permit was supported by evidence in the record—i.e., whether Crabtree could have reasonably reached that decision. Crabtree's decision to issue the permit was contrary to the decision of the board upholding the revocation. Thus, the trial court focused on the evidence before the board that did not support its decision. Absent from the trial court's analysis, however, is any consideration of the evidence before the board that did support its decision. The trial court focused on the wrong body of evidence.

In this case, as the Appellate Court noted, the board stated the reasons for its action in a letter to the plaintiff informing him that the board had upheld the revocation of the permit. *Caserta III,* supra, 260; see footnote 2. It is not disputed that this letter constituted the kind of "formal, official, collective statement of reasons for its action[s]"; *Protect Hamden/North Haven from Excessive Traffic & Pollution, Inc.* v. *Planning & Zoning Commission,* 220 Conn. 527, 544, 600 A.2d 757 (1991); that serves to invoke the following scope of review of zoning decisions: "Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was

required to apply under the zoning regulations." (Internal quotation marks omitted.) Id. Under this traditional and long-standing scope of review, the proper focus of a reviewing court is on the decision of the zoning agency and, with regard to its factual determinations, on the evidence before it that supports, rather than contradicts, its decision.

The conclusion that this scope of review applies upon judicial review is not undermined by the fact that, as in this case, the zoning agency was a zoning board of appeals reviewing the decision of a zoning enforcement officer in an "appeal" from that decision pursuant to General Statutes §§ 8-6 through 8-7b.[5] Although we

[5] General Statutes § 8-7 provides: "APPEALS TO BOARD. HEARINGS. EFFECTIVE DATE OF EXCEPTIONS OR VARIANCES; FILING REQUIREMENTS. The concurring vote of four members of the zoning board of appeals shall be necessary to reverse any order, requirement or decision of the official charged with the enforcement of the zoning regulations or to decide in favor of the applicant any matter upon which it is required to pass under any bylaw, ordinance, rule or regulation or to vary the application of the zoning bylaw, ordinance, rule or regulation. An appeal may be taken to the zoning board of appeals by any person aggrieved or by any officer, department, board or bureau of any municipality aggrieved and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof. The officer from whom the appeal has been taken shall forthwith transmit to said board all the papers constituting the record upon which the action appealed from was taken. An appeal shall not stay any such order, requirement or decision which prohibits further construction or expansion of a use in violation of such zoning regulations except to such extent that the board grants a stay thereof. An appeal from any other order, requirement or decision shall stay all proceedings in the action appealed from unless the zoning commission or the officer from whom the appeal has been taken certifies to the zoning board of appeals after the notice of appeal has been filed that by reason of facts stated in the certificate a stay would cause imminent peril to life or property, in which case proceedings shall not be stayed, except by a restraining order which may be granted by a court of record on application, on notice to the zoning commission or the officer from whom the appeal has been taken and on due cause shown. Such board shall, within the period of time permitted under section 8-7d, hear such

have never precisely held it to be so, it is clear from both the entire statutory scheme and our zoning case law that the zoning board hears and decides such an

appeal and give due notice thereof to the parties. Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing. In addition to such notice, such board may, by regulation, provide for notice by mail to persons who are owners of land which is adjacent to the land which is the subject of the hearing. At such hearing any party may appear in person and may be represented by agent or by attorney. Such board may reverse or affirm wholly or partly or may modify any order, requirement or decision appealed from and shall make such order, requirement or decision as in its opinion should be made in the premises and shall have all the powers of the officer from whom the appeal has been taken but only in accordance with the provisions of this section. Whenever a zoning board of appeals grants or denies any special exception or variance in the zoning regulations applicable to any property or sustains or reverses wholly or partly any order, requirement or decision appealed from, it shall state upon its records the reason for its decision and the zoning bylaw, ordinance or regulation which is varied in its application or to which an exception is granted and, when a variance is granted, describe specifically the exceptional difficulty or unusual hardship on which its decision is based. Notice of the decision of the board shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to any person who appeals to the board, by its secretary or clerk, under his signature in any written, printed, typewritten or stamped form, within fifteen days after such decision has been rendered. In any case in which such notice is not published within such fifteen-day period, the person who requested or applied for such special exception or variance or took such appeal may provide for the publication of such notice within ten days thereafter. Such exception or variance shall become effective upon the filing of a copy thereof (1) in the office of the town, city or borough clerk, as the case may be, but, in the case of a district, in the offices of both the district clerk and the town clerk of the town in which such district is located and (2) in the land records of the town in which the affected premises are located, in accordance with the provisions of section 8-3d."

General Statutes § 8-7a provides: "EVIDENCE AT HEARINGS TO BE TAKEN BY STENOGRAPHER OR RECORDED. The zoning commission, planning commission, planning and zoning commission and zoning board of appeals shall call in a competent stenographer to take the evidence, or shall cause the evidence to be recorded by a sound-recording device, in each hearing before such commission or board in which the right of appeal lies to the superior court."

"appeal"[6] de novo, and that the action of the zoning enforcement officer that is the subject of the appeal is entitled to no special deference by the court.[7]

General Statutes § 8-7 provides that a zoning board of appeals hearing such an appeal "may reverse or affirm wholly or partly or may modify any order, requirement or decision appealed from and shall make such order, requirement or decision as in its opinion should be made in the premises and shall have all the powers of the officer from whom the appeal has been taken but only in accordance with the provisions of this section." Section 8-7 also requires that the board "state upon its records the reason for its decision . . . ." Furthermore, § 8-7a, which requires that any evidence taken be either stenographically or sound recorded; see footnote 5; contemplates that such a board may take evidence, as it did in this case. There is no statutory requirement that a zoning enforcement officer make and preserve a record regarding his actions.

[6] In a sense, the terminology of "appeal" from a zoning enforcement officer's decision to a zoning board of appeals is something of a misnomer, or at least somewhat misleading. It is not an "appeal" in the sense of what we have come to recognize as an appeal from an administrative agency's decision to a court, in which there is a deferential scope of review of the administrative decision. See General Statutes § 4-183. It is, however, an "appeal" in the same sense that a decision of a court of probate may be appealed to the Superior Court, which then hears the matter de novo. See General Statutes § 45a-186.

[7] Our recent decision in *Leo Fedus & Sons Construction Co.* v. *Zoning Board of Appeals*, 225 Conn. 432, 623 A.2d 1007 (1993), is not to the contrary. It is true that we stated in that case that "[z]oning boards of appeals do not adjudicate initial land use applications, but review those already acted upon by a municipality's zoning commission or enforcement officer." Id., 445. To the extent, however, that that language can be read as indicating a deferential scope of review of the enforcement officer's decision, it was dictum, because the issue in that case did not involve the proper scope of review by a court of a decision of a zoning board of appeals following the action of a zoning enforcement officer. We did not adress in that case the issue in this case of the proper scope of review of a zoning board of appeals decision, and we did not mean to intimate that such a board does not decide the issues before it de novo.

Our case law further reinforces the de novo nature of the hearing conducted by the zoning board of appeals. It is the board's responsibility, pursuant to the statutorily required hearing, to find the facts and to apply the pertinent zoning regulations to those facts. *Toffolon* v. *Zoning Board of Appeals,* 155 Conn. 558, 560–61, 236 A.2d 96 (1967); *Connecticut Sand & Stone Corporation* v. *Zoning Board of Appeals,* 150 Conn. 439, 442, 190 A.2d 594 (1963). In doing so, the board "is endowed with a liberal discretion . . . ." Id. Indeed, under appropriate circumstances, the board "may act upon facts which are known to it even though they are not produced at the hearing." *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 99 A.2d 149 (1953). The principal procedural limitations on the hearing are that "there must be due notice of the hearing, and at the hearing no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary or to be fairly apprised of the facts upon which the board is asked to act." Id., 293.

It would be inconsistent with these broad grants of power to the board, and with the concomitant procedural limitations thereon, to envision the board's function as anything less than a de novo determination of the issue before it, unfettered by deference to the decision of the zoning officer. It follows from the de novo nature of the board's consideration of the issues decided by the zoning enforcement officer that the trial court, upon a judicial appeal from the board pursuant to General Statutes § 8-8,[8] must focus on the decision of the

---

[8] General Statutes § 8-8 provides in relevant part: "APPEAL FROM BOARD TO COURT. REVIEW BY APPELLATE COURT. . . .

"(k) The court shall review the proceedings of the board and shall allow any party to introduce evidence in addition to the contents of the record if (1) the record does not contain a complete transcript of the entire proceedings before the board, including all evidence presented to it, pursuant to section 8-7a, or (2) it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. The court may take the evidence or may appoint

board and the record before it, because it is that decision and record that are the subject of the appeal under § 8-8.

In this case, the Appellate Court, although giving undue deference to Crabtree's decision, recognized that the trial court had not yet considered the validity of the board's decision under the appropriate scope of review and remanded the case to the trial court for further proceedings.[9] The Appellate Court, therefore,

a referee or committee to take such evidence as it directs and report the same to the court, with his or its findings of facts and conclusions of law. Any report of a referee or committee shall constitute a part of the proceedings on which the determination of the court shall be made.

"(l) The court, after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from. If a particular board action is required by law, the court, on sustaining the appeal, may render a judgment that modifies the board decision or orders the particular board action. In an appeal from an action of a planning commission taken under section 8-29, the court may also reassess any damages or benefits awarded by the commission. Costs shall be allowed against the board if the decision appealed from is reversed, affirmed in part, modified or revised."

[9] The Appellate Court remanded the case to the trial court "to determine whether the board properly relied on a presumption of abandonment and thereby found that the plaintiff had abandoned the nonconforming use of the property." *Caserta* v. *Zoning Board of Appeals,* 28 Conn. App. 256, 262, 610 A.2d 713 (1992). We do not necessarily share this somewhat narrow view of the issue yet to be decided by the trial court.

As we noted in *Caserta* v. *Zoning Board of Appeals,* 219 Conn. 352, 363, 593 A.2d 118 (1991), "[t]he issue before the board was whether the plaintiff was entitled to the permit . . . ." The trial court was required, therefore, to "determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." (Internal quotation marks omitted.) *Protect Hamden/North Haven from Excessive Traffic & Pollution, Inc.* v. *Planning & Zoning Commission,* 220 Conn. 527, 544, 600 A.2d 757 (1991). Those assigned grounds were stated in the board's letter to the plaintiff's attorney. See footnote 2. No court has yet determined the extent to which the board's finding of abandonment depended on a "presumption of intent to abandon"; see footnote 2; and, if it did, whether that was a legally proper consideration by the board. Thus, that will be one of the issues to be decided by the trial court on the remand, in its determination of the plaintiff's appeal pursuant to the proper scope of review.

reversed the judgment of the trial court and remanded the case for further proceedings. Although we disagree with the reasoning of the Appellate Court regarding the scope of review applied by the trial court, and although we disagree with the language of the Appellate Court's remand; see footnote 9; we agree with that court that the judgment of the trial court must be reversed and the case remanded for further proceedings. These further proceedings are to consider the remaining issues in the plaintiff's appeal from the decision of the board pursuant to the appropriate scope of review of such decisions.

The judgment of the Appellate Court is affirmed in part and modified in part in that the case is remanded to that court with direction to remand it to the trial court with direction to reverse the judgment sustaining the plaintiff's appeal, and for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.