[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Duane L. Mees, appeals the decision of the defendant, Zoning Board of Appeals (ZBA) for the Town of Waterford, upholding a cease and desist order (#94-042) (Return of Record [ROR], Item 1) issued to the plaintiff by the Zoning Enforcement Officer (ZEO) of the Town of Waterford requiring the plaintiff to discontinue the parking of a commercial vehicle at his residence in violation of the Zoning Regulations of the Town of Waterford (regulations). (ROR, Item 20).
The plaintiff resides at 104 Oil Mill Road, Waterford, Connecticut. (ROR, Item 1). The plaintiff's residence in located in an RU-120 residential zone. (ROR, Item 15: Hearing Transcript). The plaintiff parks a Chevrolet C-60 dump truck with Connecticut commercial registration H66840 in the open on or near his property. (ROR, Item 15). The truck weighs 17,900 pounds and has no markings or advertisements on it. (ROR, Item 15). The plaintiff generally uses the truck to clean up debris and trash on his property, but admits using it three times since 1992 to haul trash for profit. (ROR, Item 15). CT Page 3375
On September 23, 1994, the ZEO delivered an abatement order to the plaintiff ordering him to remove all trash, refuse and debris from his premises, to keep the premises clear of unregistered motor vehicles, and to cease the open parking of commercial vehicles thereon. (ROR, Item 1). On October 7, 1994, the plaintiff appealed to the ZBA for relief from the portion of the order requiring him to cease the open parking of the truck on his premises. (ROR, Item 2: Appeal Application). Following publication of notice in the New London Day on December 22 and 29, 1994, a public hearing was held before the ZBA on January 5, 1995. (ROR, Item 11: Publisher's Certificate; and Item 15).
By final decision dated February 2, 1995, the ZBA voted to affirm the decision of the ZEO. (ROR, Item 17: Minutes of Meeting). The reason given for the decision was that the ZBA believed that the ZEO correctly interpreted regulations § 3.9.2 to prohibit the open parking of commercial vehicles in an RU-120 residential zone. (ROR, Item 17).
Appeals taken from decisions of a zoning board of appeals are governed by C.G.S. § 8-8. "[A] statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Simko v.Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). "[Such] provisions are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Alteration in original; Internal quotation marks omitted.) Id.
"[A]ggrievement is a jurisdictional question [and] must be resolved even though the issue was not raised below." WinchesterWoods Associates v. Planning Zoning Commission, 219 Conn. 303,307, 592 A.2d 953 (1991). Ownership of the property that is the subject of the ZBA's action is sufficient to establish aggrievement. Id., 308.
In the present case, the plaintiff is the registered owner of the vehicle in question (ROR, Item 15), and the record owner of the property from which he was ordered to remove the vehicle. (ROR, Item 2). Therefore, the record supports a finding of aggrievement. General Statutes § 8-8(1).
The appeal must be commenced by service of process upon the chairman of the board or the town clerk of the municipality and CT Page 3376 upon each person who petitioned the board in the proceeding within fifteen days from when notice of the decision was first published. General Statutes §§ 8-8(b), (e) and (f).
In the present case, the decision of the ZBA was published in the New London Day on February 9, 1995. (ROR, Item 19; Publisher's Certificate). The plaintiff served both the chairman of the ZBA, Jim Walden, and the Town Clerk of the Town of Waterford with notice of the appeal on February 14, 1995. (Sheriff's Return). Therefore, this appeal was commenced in a timely manner. General Statutes § 8-8(b).
"In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that a board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is a factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Francini v. Zoning Board of Appeals, 228 Conn. 785,791, 639 A.2d 519 (1994). "[T]he trial court must determine whether the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . The court may not retry the case or substitute its judgment for that of the agency." (Internal quotation marks omitted.) Smith v. Zoning Board ofAppeals, 227 Conn. 71, 80, 629 A.2d 1089 (1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1190, 127 L.Ed.2d 540 (1994). "The question is not whether the trial court would have reached the same conclusion but whether the record supports the decision reached." Burnham v. Planning Zoning Commission, 189 Conn. 261,265, 455 A.2d 339 (1983).
"Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations . . . . Under this traditional and long-standing scope of review, the proper focus of a reviewing court is on the decision of the zoning agency and, with regard to its factual determinations, on the evidence before it that supports, rather than contradicts, its decision." (Internal quotation marks omitted.) Caserta v. Zoning Board ofCT Page 3377Appeals, 226 Conn. 80, 86-87, 626 A.2d 744 (1993). "AN administrative appeal shall be confined to the record." (Internal quotation marks omitted.) Blaker v. Planning Zoning Commission,219 Conn. 139, 146, 592 A.2d 155 (1991). Simply, the court must determine whether the conclusions reached by the agency are supported by the record." (Citations omitted; Internal quotation marks omitted.) Beck v. ZBA Town of New Canaan, supra. Finally, "the action of the [board] should be sustained if even one of the stated reasons is sufficient to support it." Burnham v. Planning Zoning Commission, 189 Conn. 261, 265, 455 A.2d 339 (1983).
The plaintiff alleges in his appeal that the ZBA: (a) improperly considered and used evidence received outside the hearing process, (b) failed to find that the ZEO acted beyond the scope of his authority under the regulations, (c) abused their authority in finding that the regulations specifically prohibited the parking of commercial vehicles on the plaintiff's property, and (d) failed to properly state the reasons for its decision as required by General Statutes §§ 8-7. The defendant argues that the regulations are "permissive" in nature, which means that anything not specifically stated in the regulations as an allowable use is prohibited. Therefore, since the regulations do not expressly allow the parking of commercial vehicles in the open in an RU-120 zone, it is prohibited. The defendant further argues that, regardless of how the plaintiff uses his vehicle, it is defined and registered as a commercial vehicle under Connecticut law.
First, the plaintiff has failed to brief his claim that the ZBA improperly considered evidence outside of the hearing in reaching its decision, therefore, that claim is deemed abandoned and will not be addressed. State v. James, 211 Conn. 555, 558,560 A.2d 426 (1989). The essence of the remaining three claims made by the plaintiff is that the ZBA, by affirming the ZEO, wrongly interpreted and applied the regulations.
"In construing regulations, the general rules of statutory construction apply." Smith v. Zoning Board of Appeals, 227 Conn. 89. "Upon review, [t]he trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts." (Alteration in original; Internal quotation marks omitted.) Schiler v. Planning Zoning Commission, 26 Conn. App. 17, 22, 596 A.2d 1336 (1991).
Section 2.4 of the regulations states: CT Page 3378
 No building or land in any district shall be used for any purpose other than that which is specifically listed as a permitted use or is specifically listed as a use permitted subject to the approval of a special permit within the district in which the building or land is located. Any use not specifically listed as provided herein shall be prohibited.
(ROR, Item 20). Section 3.9 of the regulations, the section central to the dispute between the parties, states in pertinent part:
 ACCESSORY USES IN RESIDENTIAL DISTRICTS
An accessory building and an accessory use are defined in Sections 1.1 and 1.2 of these regulations and such shall not be permitted to be established on any lot unless a main use or building is located on the same lot. In a residential district, the following are deemed to be accessory uses:
 3.9.1 Fully enclosed accommodations for passenger vehicles.
 3.9.2 Garage or carport for one commercial vehicle, truck, tractor, piece of earth moving equipment . . . .
 3.9.3 Open parking places for passenger vehicles belonging to the occupants of the dwelling units.
(ROR, Item 20). An accessory building is a subordinate structure on the same lot as the main structure, "the use of which is incidental and customary in connection with the main building." (ROR, Item 20; § 1.1). An accessory use is the use of property which is customary, incidental, and subordinate to the use of the main structure on the lot. (ROR, Item 20; § 1.2).
In the present case, the court finds that ZBA correctly interpreted § 2.4 of the regulations and applied it with reasonable discretion to the facts before it. Shailer v. Zoning Planning Commission, supra, 26 Conn. App. 22. The court also finds that the ZBA correctly interpreted § 3.9.2 and § 3.9.3 when it determined that 3.9.2 permits the parking of CT Page 3379 commercial vehicles only in carports or garages, and 3.9.3 only permits the open parking of passenger vehicles, while making no mention of commercial vehicles. (ROR, Item 20). Id. Therefore, the court finds that the ZBA correctly determined that § 2.4 and § 3.9.3, when considered together, prohibit the open parking of commercial vehicles in residential districts. Id.
It would follow in the present case that the ZBA did provide adequate reasons for its decision pursuant to General Statutes § 8-7, by stating that it agreed with the ZEO's interpretations of regulations § 3.9.2, which interpretation was applied with reasonable discretion to the facts. Id. Further, since the record shows that the plaintiff's vehicle is registered as a commercial vehicle and the plaintiff has admitted to using the vehicle for commercial purposes in the past (ROR, Item 15), it would also necessarily follow that the ZBA's determination that the ZEO did not act beyond his authority is reasonably supported by the record. Id. Finally, [b]ecause the record discloses that the board correctly interpreted and applied the regulations, we conclude that the . . . board's decision denying the plaintiff's appeal was not unreasonable, [abusive of its discretion,] arbitrary or illegal." Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440, 586 A.2d 590 (1990).
Based on the foregoing, the plaintiff's appeal is dismissed.
Martin, J.