[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO INTERVENE NO. 102
The plaintiffs in this action, R R Pools Patio, Inc. (hereinafter R R), Mitchell Ross, David Ross and Philip Ross, own property at 975 Ethan Allen Highway in Ridgefield, which they use for the purpose of selling furniture retail and wholesale. On December 29, 1995, the Zoning Enforcement Officer of Ridgefield, Richard Baldelli, issued a cease and desist order against the plaintiffs on the grounds that the plaintiffs' use of the property violates the terms of a variance and the conditions of a site plan approval. The plaintiffs appealed to the defendant, Ridgefield Zoning Board of Appeals, and on April 29, 1996, the defendant rendered a decision to uphold the cease and desist order. In the present action, the plaintiffs appeal from the decision of the defendant. On July 26, 1996, the proposed intervenors, the Ridgefield Planning and Zoning Commission and the Zoning Enforcement Officer, Richard Baldelli, filed a motion to intervene as defendants, but did not submit a memorandum of law.
The standards for intervention as of right and permissive intervention are both laid out in Horton v. Meskill, 187 Conn. 187,191-198, 445 A.2d 579 (1982). To intervene as of right pursuant to Practice Book § 99 and General Statutes §§ 52-102 (2) and 52-107, the proposed intervenors' interests must be "of such a direct and immediate character that the [movants] will either gain or lose by the direct legal operation and effect of the judgment." (Internal quotation marks omitted.) Horton v. Meskill,
supra, 195. Where the movants do not have such a direct interest, the court may, nevertheless, allow them to intervene pursuant to Practice Book § 100 and General Statutes § 52-102 (1) "The consideration of permissive intervention involves numerous factors including the timeliness of the intervention, the proposed intervenor's interests in the controversy, the adequacy of representation of such interests by existing parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in terms of resolving the controversy before the court." Horton v. Meskill, supra, 197. CT Page 1486
In their motion, the proposed intervenors state that Richard Baldelli issued the cease and desist order at issue in the present appeal, and argue that "[a]ccordingly, Richard Baldelli and the Ridgefield Planning and Zoning Commission have a direct interest in this controversy and will be affected by the outcome of this appeal." The court cannot discern how the proposed intervenors will be affected directly by any outcome of the present appeal. As the plaintiffs point out in their memorandum in opposition, a decision of a zoning enforcement officer is reviewed by a zoning board of appeals de novo. Caserta v. ZoningBoard of Appeals, 226 Conn. 80, 87-91, 626 A.2d 744 (1993). Therefore, when the court reviews the decision of the defendant in this appeal, it does not determine whether the Zoning Enforcement Officer acted correctly, and does not address any interest of that officer or the Planning and Zoning Commission of which that officer is an agent. The proposed intervenors have no direct interest in the action and therefore may not intervene as of right.
As for permissive intervention, the court must balance the factors laid out in Horton v. Meskill, supra, 187 Conn. 197. The first factor, timeliness, weighs in favor of allowing intervention, because the motion to intervene was filed only four months after the appeal was brought. However, the other fourHorton factors weigh against allowing intervention. As for the proposed intervenors' interests in the controversy, not only did the movants not articulate any specific interests they might have in the action, but the court's analysis did not reveal any such interest. Consequently, there is little or no "necessity for or value of the intervention in terms of resolving the controversy before the court." Horton v. Meskill, supra, 197. Moreover, for the purposes of this appeal, the existing defendant adequately represents the proposed intervenors, because the defendant and the movants share the goals of enforcing and upholding the zoning regulations of Ridgefield. Finally, in a situation such as this one, where the movants seem to have no identifiable interest, any delay that intervention may cause would be prejudicial to the plaintiff. As such, the motion to intervene is denied.
Stodolink, J.