[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The first action is an administrative appeal, wherein Alba and Joseph Cammarota appealed two Cease and Desist Orders issued by the Zoning Enforcement Officer of the City of Stamford, Anthony P. Strazza. The first order was dated February 14, 1995, directed to Joseph Cammarota. The second order was dated February CT Page 2106 24, 1995, directed to Alba Cammarota, after it was discovered that she had an interest in the property in question, 136 Belltown Road.
The Cease and Desist Orders read in part as follows:
 "6. The aforesaid premises are located within the R-10 Single Family Residence Zoning District. Commercial activities involving rubbish storage and recycling are being conducted in violation of Section 4AA and Appendix A of the Stamford Zoning Regulations.
 7. On February 10, the aforesaid premises were inspected by me, at which time I observed the following: THERE WERE TRUCKS AND PILES OF RUBBISH ON THE PREMISES.
 8. You, ALBA P. CAMMAROTA (Joseph Cammarota), are therefore ordered and directed by me as Zoning Enforcement Officer of the City of Stamford, pursuant to the powers vested in my office by the statutes of the State of Connecticut and the charter, laws and ordinances of the City of Stamford, TO CEASE AND DESIST WHOLLY IN THIS VIOLATION BY REMOVING ALL TRUCKS AND CEASING ALL COMMERCIAL ACTIVITIES at 136 BELLTOWN ROAD, Stamford, Connecticut, within 10 days of receipt of this notice, however delivered.
 10. You, Alba P. Cammarota (Joseph Cammarota) are further advised that the NON-CONFORMING USE STATUS at 136 BELLTOWN ROAD IS HEREBY REVOKED."
The second action is a zoning enforcement suit on the same subject matter. The administrative appeal and the zoning enforcement action have been consolidated.
After a Public Hearing held on May 10, 1995, the Zoning Board of Appeals, on May 24, 1995, by a vote of four to zero, with one abstention, denied the appeal and upheld the Orders of the Zoning Enforcement Officer, dated February 14, 1995, and February 24, 1995.
The court finds that there was substantial evidence in the record to support the board's decision.
The issue before the Board, and now this Court, is were the commercial uses and activities conducted on the property legally CT Page 2107 non-conforming uses and, thus, not in violation of the Zoning Regulations.
In order to receive the protections given to non-conforming uses, it must be established that the uses existed prior to the time that the Zoning Regulations were enacted.[1] FairlawnsCemetery Association, Inc. v. Zoning Commission of the Town ofBethel, 138 Conn. 434. In order to be considered a legally non-conforming use, the use must have been established on the site prior to November 30, 1951.
The party claiming the benefit of a non-conforming use bears the burden of proving that the non-conforming use is valid.Connecticut Resources Recovery Auth. v. Planning ZoningCommission, 225 Conn. 731, 744.
The Cammarotas state in their Application, "the activities ordered to be abated by the Zoning Enforcement Officer are legally permitted on the subject property insofar as the same are valid and legal non-conforming uses. In addition, the Zoning Enforcement Officer had no authority in law or fact to revoke the applicants' heretofore recognized non-conforming use."
The Cammarotas, in their Memorandum of Facts and Laws, dated October 2, 1995, makes reference to a February 2, 1989 letter from the then Chief Deputy Building Official to the Cammarotas' attorney in response to the question of the legality of parking commercial vehicles at 136 Belltown Road. The letter states: "The information you presented, which included ten affidavits signed and notarized by ten different neighbors of Mr. Cammarota, is the basis for my opinion that the use at the present time is legal, non-conforming." Also, the current Zoning Enforcement Officer wrote two letters, on September 20, 1993 and April 14, 1994, stating that trucking storage is a permitted non-conforming use of the property.
The determination of a previous Zoning Enforcement Officer can not inhibit the statutory responsibility of the Zoning Board of Appeals to determine, based on evidence of record, whether or not the Cease and Desist Orders should be upheld.
The Cammarotas' attorney stated, at the Public Hearing, that the now deceased Joseph Cammarota, Sr., operated a business on the property since 1984. He further stated that there was a paving business operation on the property since the late 1960's. CT Page 2108
The record, which the Court has reviewed, contains a letter dated April 19, 1994 from John J. Dunn and Mary K. Dunn. The letter states that they purchased the property, known as 136 Belltown Road, in 1950 and sold it in 1966. They go on to say that they had one small panel truck on the property. Other testimony from neighbors said that Mr. Dunn was an oil burner repairman and he was allowed to bring the truck home by his employer to service burners on off business hours. Mr. and Mrs. Dunn also signed an affidavit stating, inter alia, "Based upon our knowledge and familiarity with said property, we state that during the period of our ownership, vehicles used for commercial purposes were not stored or kept on the premises."
At the Public Hearing, the Cammarotas' attorney was not allowed to cross-exam Anthony Strazza, the Zoning Enforcement Officer. The Chairman stated that the Board had an opinion from the Corporation Council, some years ago, stating that the Board does not have the authority to put anybody under oath. The Chairman stated, "You will make your case, then we will have question from the Board. We will not have direct interchange between any two people in the room."
It should be noted that the record contains a transcript of the Zoning Board of Appeals May 24, 1994 discussions leading to the decision on this application.
The law in Connecticut as to cross-examination in zoning hearings is set forth in Volume 9, Conn. Practice Book Annotated,Land Use Law and Practice, Fuller § 20.12 Right of Cross-Examination at Hearings.
It should be noted that in the May 24, 1994 discussion leading to the votes on the decision, the Board Members focused on what existed on the property on November 30, 1951. They did not discuss why Anthony Strazza issued the Cease and Desist Orders. The Supreme Court in Caserta v. Zoning Board of Appeals,226 Conn. 80 states that the right focus is on the evidence before the Zoning Board of Appeals, which conducted a hearing de novo, and is unfettered by deference to the decision of the Zoning Enforcement Officer.
The Board was clearly impressed by the testimony of the neighbors that supported the facts set forth in the Dunns' letter and affidavit. The record contains substantial evidence to CT Page 2109 support the Board's finding that a business did not exist at 136 Belltown Road on November 30, 1951.
The court finds that the decision of the Board is supported by the record. The appeal is dismissed.
Dated at Stamford, Connecticut this 26th day of February, 1998.
TOBIN, J.