[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Timothy Perusse, has appealed the denial by the defendant Litchfield Zoning Board of Appeals his appeal from a cease and desist order issued by the Litchfield Zoning Enforcement Office.
By letter dated May 15, 1988, the plaintiff was ordered by the Litchfield Zoning Enforcement Officer to "discontinue the parking of a large white Ford truck, CT license plate #21796-A used in connection with a business, `Trades Unlimited'" at the plaintiff's home at 150 Meadow Street in Litchfield. (R, 1a). The plaintiff appealed this order to the defendant, Litchfield Zoning Board of Appeals. (R, 18). The defendant Board of Appeals held a public hearing commencing on June 22, 1998 (R, 20 and 21) and ending July 27, 1998 (R, 24). Following the public hearing, the defendant Board denied the plaintiff's appeal. (R, 25). CT Page 526
The plaintiff is a subcontractor who installs raised flooring throughout Connecticut. (R. 24, p. 6). He uses a truck in which he stores his tools (R. 24, p. 6). When the truck is not at a job site, the plaintiff parks it as his home on Meadow Street. (R. 24, p. 7). The plaintiff does not do any business from his home: No materials are stored there. There is no sign. No customers come there. No work is done there. There is no business telephone there. The plaintiff uses an answering service. No employees work there. (R. 24, p. 7).
When an appeal is taken from the actions of a zoning enforcement officer, the zoning board of appeals hears the issues de novo. Caserta v. Zoning Board of Appeals, 226 Conn. 80, 89
(1993). Upon appeal of a decision of the zoning board of appeals in such a case, a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning enforcement officer, but on the decision of the board and the record before the board. Id., at 82. The action of the zoning enforcement officer that is the subject of the appeal is entitled to no special deference by the court. Id., at 89.
The cease and desist order provides as follows:
 Pursuant to the authority vested in me by the Zoning Regulations of Litchfield, CT, you are hereby ordered and directed to discontinue the parking of a large white Ford truck, CT license plate #21796-A used in connection with a business, "Trades Unlimited" within 15 days of receipt of this letter at the premises identified as:
 150 Meadow Street Tax Assessor's Map 197, Block 47E, Lot 11 Volume 220, Page 806
It is clear that the cease and desist order was limited to the parking of the plaintiff's truck, not any other activity which might be considered business.
The authority cited by the Zoning Enforcement Officer for the cease and desist order is Article V, Section 24A of the Litchfield Zoning Regulations. This section provides: CT Page 527
 "No Zoning Permit shall be required for the use of a residence by the occupant for business purposes where:
 1. No business is conducted on the premises except by mail or telephone.
2. No persons other than members of the family are employed.
3. No external evidence of the business is visible.
4. No business signs are erected.
 5. No pedestrian or automobile traffic other than that normally generated by a residence is permitted.
 6. No hazardous materials other than those common to a single family residential use, such as fuel associated with on-site heating, are stored, used or disposed of on the property." [Emphasis added.]
This Section is not applicable to the plaintiff. It only applies to the "use of a residence by the occupant for business purposes." The plaintiff makes no use of his residence for a business purpose. He does not need a Zoning permit to make no use of his residence for a business purpose. The fact that he parks a commercial truck in the driveway when he is not at work does not mean that he is using his residence for a commercial purpose. People in all walks of life from utility company employees to police officers to lawyers with firm-leased cars drive their work vehicles home at night. It is an abiding principle of jurisprudence that common sense does not take flight when one enters a courtroom. State v. Zayas, 195 Conn. 611, 620 (1985). Common sense must be used in construing the zoning regulations, and the court should assume that a rational and reasonable result was intended by the zoning commission. Spero v. Zoning Board ofAppeals, 217, 441 (1991).
 Zoning regulations are in derogation of the right to use private property, and they should not be extended by construction beyond the fair import of their language. Service Realty Corporation v. Planning Zoning Board of Appeals, 141 Conn. 632, 638, 109 A.2d 256; Langbein v. Board of Zoning Appeals, 135 Conn. 575, 580, 67 A.2d 5; 1 Rathkopf, Zoning Planning (3d Ed.) § 3.
CT Page 528
 Words used in legislative enactments "shall be construed according to the commonly approved usage of the language." General Statutes § 8890; State ex rel. Higgins v. Civil Service Commission, 139 Conn. 102, 114, 90 A.2d 862; 1 Yokley, Zoning Law Practice (2d Ed.) p. 466.
In spite of the fact that Section 24A does not apply to this situation, the record is clear that the plaintiff complies with each part of Section 24A and is, therefore, not required to have a zoning permit to park a commercial vehicle at his home.
No business is conducted on the premises except by mail or telephone. The only evidence on this point was the testimony of the plaintiff himself. He testified, under oath, he did not work at his home. There was no evidence produced at the public hearing to contradict that fact. Although the regulation permits the home to be used for mail or telephone purposes, the plaintiff does neither of these.
No member or persons other than members of the family are employed. The plaintiff testified, under oath, that there are no employees who work at the home. Again, there was no contradictory evidence.
No external evidence of the business is visible. There is no external evidence of the plaintiff's business. There is no sign, no customers come there, no materials are stored there, there is nothing about the property suggesting a business use.
No business signs are erected. There is no dispute that there are no signs.
No pedestrian or automobile traffic other than that normally generated by a residence is permitted. No customers come to the property. The truck does not create additional traffic because the plaintiff would drive to work in another vehicle if he were not using the truck.
No hazardous materials other than those common to a single family residential use, such as fuel associated with on-site heating, are stored, used or disposed of on the property. There are no hazardous materials on the property.
Zoning regulations are in derogation of common law property CT Page 529 rights and cannot be construed to include or exclude by implication what is not clearly within expressed terms. Planningand Zoning Commission v. Gilbert, 208 Conn. 696, 705 (1988). A property owner must be able reasonably to ascertain from the regulations how to use the property in compliance with them. Id.
Zoning regulations that carve out districts must afford adequate information to enable one to determine the properties comprising each district and the uses permitted and prohibited therein. Id.
This court is not bound by the legal interpretation of the zoning regulations made by the defendant Board of Appeals. Fuller, Land Use Law and Practices, Section 33.7 citing Melody v.Zoning Board of Appeals of Town Glastonbury, 158 Conn. 516, 518
(1969). The interpretation of a zoning ordinance is a question of law for the Court. Fuller, supra, citing several cases includingDanseyar v. Zoning Board of Appeals of City of Middletown,164 Conn. 325, 327 (1973).
Therefore, the defendant Board of Appeals was in error in denying the plaintiff's appeal from the cease and desist order. For these reasons, the plaintiff's appeal is sustained.
BY THE COURT
HON. WALTER M. PICKETT, JR. JUDGE TRIAL REFEREE