[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by appellant David Madasci from a decision of the Town of Stonington Zoning Board of Appeals (ZBA) upholding a decision of the Zoning Enforcement Officer (ZEO) of the Town of Stonington.
The ZEO inspected property owned and operated as a marina by Mystic River Properties, Inc. (Marina), located at 56 Rosaleah Drive, Mystic, which is adjacent to the appellant's property. Specifically, the ZEO inspected a gravel parking area and an approximate area of 200 square feet covered with brick payers at the entrance to "A" dock and concluded that none of the payers would qualify as a structure under relevant zoning regulations and would more appropriately be classed as landscaping. The ZEO also concluded that the payers could be viewed as an acceptable alternate surface for parking. In accordance with these conclusions, the ZEO approved the Marina's use of the area as a patio with picnic benches, umbrellas and charcoal grills, without requiring the Marina to submit a revised site plan or to obtain CT Page 12257 site plan approval.
The appellant appealed the ruling of the ZEO to the ZBA. The ZBA held a public hearing concerning the appeal and denied the appeal. The appellant has filed this appeal of the ZBA's decision.
At the hearing before this court, the court examined exhibits and heard testimony sufficient to establish that the appellant owns property abutting the subject property and is, therefore, aggrieved. The court further finds that the appellant commenced his appeal in a timely fashion by service of process upon the proper parties.
"In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . [W]e therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Citations omitted; internal quotation marks omitted.) Francini v. Zoning Board of Appeals,228 Conn. 785, 791 (1994). "In challenging an administrative agency action, the plaintiff has the burden of proof. . . . The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. Rather than asking the reviewing court to retry the case de novo . . . the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision." (Citations omitted.) Samperi v. InlandWetlands Agency, 226 Conn. 579, 587 (1993).
"[O]n factual questions . . ., a reviewing court cannot substitute its judgment for that of the agency. . . . If there is conflicting evidence in support of the zoning commission's stated rationale, the `reviewing court' . . ., cannot substitute its judgment as to the weight of the evidence for that of the commission." (Citations omitted; internal quotation marks omitted.) Irwin v. Planning Zoning Commission, 244 Conn. 619,629 (1998). "[F]ollowing an appeal from the action of a zoning enforcement officer to a zoning board of appeals, a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning enforcement officer, but on the decision of the board and the record before the board." Casertav. Zoning Board of Appeals, 226 Conn. 80, 82 (1993). "[T]he CT Page 12258 zoning board hears and decides such an "appeal" de novo, and . . . the action of the zoning enforcement officer that is the subject of the appeal is entitled to no special deference by the court." Id., 88-89.
The only issue before this court is whether the ZBA acted arbitrarily, illegally or abused its discretion in upholding the decision of the ZEO. "Zoning boards of appeals do not adjudicate initial land use applications, but review those already acted upon by a municipality's zoning commission or enforcement officer." Leo Fedus Sons Construction Co. v. Zoning Board ofAppeals, 225 Conn. 432, 445 (1993).
Therefore, as a preliminary matter, the court must determine what exactly were the parameters of the decision of the ZEO which was subsequently upheld by the ZBA.
The ZEO examined only one patio area on the Marina's property, the patio area at entrance to "A" dock, which was formerly a wooden deck and which is located immediately adjacent to the appellant's property. Therefore, the ZEO's decision solely concerned and affected this one particular patio area and not any of the other patio areas on the Marina property.
The appeal to the ZBA reiterates this fact. In his appeal, the appellant sought to "[o]verrule the determination by the Zoning Enforcement Officer that the patio, including tables and chairs, immediately adjacent to the buffer area and residentialproperty need not be shown on the site plan or obtain site plan approval. . . ." (Emphasis added.) (Exhibit 7, Doc. 5).
The narrow function of the ZBA was to determine whether the ruling of the ZEO, which exclusively concerned just one patio adjacent to the appellant's property, was proper. The ZBA's scope of review did not go beyond the ZEO's assessment of the one patio and it was not within the ZBA's province to examine alleged deficiencies or zoning violations due to the other patio areas not mentioned or discussed in the ZEO's decision or in the appeal. See Stonington Zoning Regs., § 8.10.2.
On appeal to this court, the appellant asks this court to consider the various effects on the property from the presence of other patio areas allegedly on the Marina property, in addition to the subject patio area. This is improper. This court can only review the record before the ZBA and what was within the ZBA's CT Page 12259 jurisdiction at the time of its decision. Caserta v. Zoning Boardof Anneals, supra, 226 Conn. 82. The ZBA's only function was to either uphold or overturn the ZEO's decision. Because the ZEO's decision was exclusively and narrowly concerned with just one patio area adjacent to the appellant's property, the ZBA had jurisdiction only over that issue. Leo Fedus Sons ConstructionCo. v. Zoning Board of Anneals, supra, 225 Conn. 445. Upon appeal to this court from the decision of the ZBA, this court need only concern itself with the record before the ZBA relevant exclusively to the one particular patio which was the sole subject of the decision of the ZEO and of the appeal to the ZBA.
Reviewing the appeal with respect only to the subject patio, the appellant appeals on the ground that, because the patio is a change of use, change in landscaping, change in parking and loading areas and a reduction in parking area, the Marina was required to submit a site plan or to obtain site plan approval.
The appellant stipulated on the record that the subject patio adjacent to his property had no adverse effect on the marina parking because of its former use as a wooden deck. The parties also stipulated at the hearing before this court, and the court finds, that the subject patio was not a substantial change of its former use as a wooden deck. A search of the record reveals that there was substantial evidence before the ZBA to support a finding that the subject patio did not amount to a change in use or landscaping or a reduction in parking.
In accordance with the zoning regulations, the ZBA correctly concluded, therefore, that the subject patio did not warrant a site plan submission or approval. See Stonington Zoning Regs., § 8.3 Site Plan Submissions — Approvals; § 8.4 Site Plan Requirements.
Accordingly, the decision of the ZBA to uphold the determination of the ZEO was not arbitrary, illegal or an abuse of discretion and the appellant's appeal is denied.
Hendel, J.