[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Presently before the court is an appeal by the plaintiff, Charles Young, from the decision by the defendant, the town of Madison zoning CT Page 12272 board of appeals (ZBA) affirming the action of the town's zoning enforcement officer (ZEO) ordering the plaintiff to remove insulation and heat from a dwelling unit owned by the plaintiff. On appeal, plaintiff challenges the ZBA's decision on the bases that the ZBA failed to state the reason for its denial of plaintiff's appeal of the ZEO's order; failed to apply the correct standard in deciding plaintiff's appeal; the subject building was legally nonconforming and plaintiff had a right to rebuild; and ZBA failed to correctly interpret Madison's zoning regulations and, therefore, incorrectly applied the regulations to the facts before them on plaintiff's appeal.
The ZBA members unanimously upheld the ZEO's order, but did not formally state on the record the reasons for the ZBA's decision. (Return of Record [ROR], Document 1: transcript of Town of Madison Zoning Board of Appeals Decision [transcript].)
Plaintiff commenced this appeal on August 23, 2000, by service of process upon Henry C. Maguire, Chairperson of the ZBA, and on Dorothy Bean, assistant town clerk. (Sheriff's Return.) The ZBA filed the return of record on October 20, 2000 and its answer on October 23, 2000. Plaintiff filed his brief on May 29, 2001. The ZBA filed its brief on July 6, 2001. This court heard the appeal on August 6, 2001.
Plaintiff alleges that he owns a parcel of real property known as 53rd Street in Madison, Connecticut, also known as map 31, lot 48 (the subject property). (Appeal, ¶ 1.) This parcel is part of a 5.8 acre parcel plaintiff owns on which there are sixty-six dwelling units, fifty-four of which are used as seasonal dwelling units and twelve of which are year round dwelling units. (Plaintiff's brief, page 2.) The subject property is located in an R-2 zone. (Appeal, ¶ 2; ROR, Document 5.a.: Plaintiff's Madison Zoning Board of Appeals application [Application to ZBA].)
Prior to May 15, 2000, the subject property was partially damaged by fire and plaintiff commenced restoration of the building. (Appeal, ¶¶ 4-5.) On May 15, 2000, Madison's ZEO found plaintiff in violation of § 12.3 of the Madison zoning regulations[1] by expanding the seasonal dwelling to a year round use and ordered Young "to remove all insulation and heating and reinstate this as a seasonal dwelling." (ROR, Document 5.b.: May 15, 2000 letter from ZEO to plaintiff.) Plaintiff appealed this order to the ZBA. (ROR, Document 5.a.: Application to ZBA.)
On August 1, 2000, the ZBA held a public hearing on plaintiff's appeal from the ZEO's order. (ROR, Document 3: legal notice; Document 1: transcript.) At the close of the August 1, 2000 hearing, the ZBA voted unanimously to uphold the decision of the ZEO. (ROR, Document 1: CT Page 12273 transcript.) The ZBA's August 1, 2000 decision was published in the local newspaper on August 9, 2000, and plaintiff was duly notified of the ZBA's decision. (ROR, Document 4: legal notice; Document 5.c.: August 3, 2000 letter from ZBA to plaintiff.) The ZBA does not formally set forth its reason for its decision to uphold the ZEO's order. (ROR, Document 1: transcript, page 50.) On August 23, 2000, plaintiff commenced this appeal from the ZBA's decision.
Pleading and proof of aggrievement is a prerequisite to the trial court's jurisdiction over the subject matter of a plaintiff's appeal from an administrative agency's decision. Jolly, Inc. v. Zoning Board ofAppeals of Bridgeport, 237 Conn. 184, 192. At the hearing on plaintiff's appeal, plaintiff presented deeds showing that he owns the subject property. The court finds that the plaintiff owns the subject property, is aggrieved and is entitled to bring this appeal. See, e.g., Quarry KnollII Corp. v. Planning Zoning Commission, 256 Conn. 674, 702; WinchesterWoods Associates v. Planning Zoning Commission, 219 Conn. 303, 308.
"A trial court must . . . review the decision of a zoning board of appeals to determine if the board acted arbitrarily, illegally or unreasonably." Wnuk v. Zoning Board of Appeals, 225 Conn. 691, 695-96. The "trial court [has] to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts." Irwin v. Planning Zoning Commission,244 Conn. 619, 627-28.
"Under this traditional and long-standing scope of review, the proper focus of a reviewing court is on the decision of the zoning agency and, with regard to its factual determinations, on the evidence before it that supports, rather than contradicts, its decision. Caserta v. Zoning Boardof Appeals, 226 Conn. 80, 87. "The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." Bloom v. Zoning Boardof Appeals, 233 Conn. 198, 206. "The agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given." Irwin v. Planning Zoning Commission, supra,244 Conn. 629.
General Statutes § 8-6 provides, in pertinent part: "The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter. . . ." In the present case, plaintiff appealed the order of Madison's ZEO to remove the heat and insulation from the subject property, which had heat and insulation when plaintiff acquired the subject property in 1984. In his brief, plaintiff CT Page 12274 concedes that multiple dwellings on a single lot are not permitted by the Madison zoning regulations, but argues that the multiple dwellings on the 5.8 acre parcel he owns, on which the subject property is located, is a pre-existing, nonconforming use. Plaintiff further argues that the ZEO's order does not challenge the pre-existing, nonconforming use of fifty-four of the units as seasonal dwellings and twelve of the units as year round dwellings.
Indeed, at the hearing before the ZBA, the ZEO testified that he was only concerned with the subject property and that plaintiff provided no evidence that the use of the subject property as a year round dwelling existed prior to enactment of the Madison zoning regulations in April, 1953. (ROR, Document 1: transcript, pages 23, 31.) The ZBA upheld the ZEO's order based on plaintiff's failure at the hearing to produce evidence that the use of the subject property as a year round dwelling existed prior to enactment of the Madison zoning regulations in 1953. (ROR, Document 1: transcript, page 49.) Pursuant to the 1953 regulations, the subject property was located in a Summer Colony District (SCA). (ROR, Submission 2: copy of § 4 of April, 1953 zoning regulations, submitted at ZBA hearing by ZEO William McMinn [1953 regulations].) The 1953 regulations provided: "Section 4 Summer Colony Districts. 4.1 Uses Permitted in SCA Districts 4.1.1 Any use permitted in a Residence District. 4.1.2 Seasonal dwellings for one family only." (ROR, Submission 2: 1953 Regulations.)
One of the grounds for plaintiff's appeal of the ZBA's decision to deny plaintiff's appeal is that the ZBA failed to state on the record any reason for its decision. The failure of the ZBA to state its reasons for its decision on the record is not illegal, arbitrary or an abuse of its discretion. See Christian Activities Council, Congregational v. TownCouncil, 249 Conn. 566, 576. ("[I]n a traditional zoning appeal, if a zoning agency has failed to give [its] reasons [on the record], the court is obligated to search the entire record to find a basis for the [agency's] decision"). Furthermore, the ZBA discussed the evidence presented by plaintiff and the town before rendering its decision to uphold the ZEO's order. (ROR, Document 1: transcript, pages 43-50.) Thus, plaintiff's appeal to this court from the ZBA's decision cannot be sustained on the ground that the ZBA failed to state on the record any reason for its decision.
Plaintiff also argues that the ZBA applied the wrong standard in deciding plaintiff's appeal. According to plaintiff, the ZBA was required to make its decision de novo based on its own fact finding, versus reliance on the facts found by the ZEO. "Our case law further reinforces the de novo nature of the hearing conducted by the zoning board of appeals. It is the board's responsibility, pursuant to the statutorily CT Page 12275 required hearing, to find the facts and to apply the pertinent zoning regulations to those facts" Caserta v. Zoning Board of Appeals. supra,226 Conn. 90. The record reveals that the ZBA received evidence from plaintiff that the local water company provided year round water service to the subject property from at least 1994; (ROR, Exhibit 2: July 29, 2000 letter from Connecticut Water to plaintiff); a copy of an assessor's record showing that the subject property had heat as early as 1980; (ROR, Exhibit 5: assessor's record); and heard the testimony of Harriet Sikolesky that she knew that the subject property was used for thirty-four years as a year round residence; (ROR, Document 1: transcript, pages 15-16).
Accordingly, the record shows that the ZBA received evidence and heard testimony to find facts in determining whether to uphold the ZEO's order and deny plaintiff's appeal. "It would be inconsistent with these broad grants of power to the board, and with the concomitant procedural limitations thereon, to envision the board's function as anything less than a de novo determination of the issue before it, unfettered by deference to the decision of the zoning officer. It follows from the de novo nature of the board's consideration of the issues decided by the zoning enforcement officer that the trial court, upon a judicial appeal from the board pursuant to General Statutes § 8-8 must focus on the decision of the board and the record before it, because it is that decision and record that are the subject of the appeal under § 8-8."Caserta v. Zoning Board of Appeals, supra, 226 Conn. 90-91.
Plaintiff next argues that the subject property was legally nonconforming and, pursuant to the Madison zoning regulations and the state statutes, he had a right to restore the building. This argument raises the central issue in this appeal of whether the use of the subject property is legally nonconforming. "A non-conforming use is merely an existing use the continuance of which is authorized by the zoning regulations. . . . Such a use is permitted because its existence predates the adoption of the zoning regulations." Francini v. Zoning Board ofAppeals, 228 Conn. 785, 789. "In the determination whether a particular use is permitted or nonconforming, the question is one of expressed intent as stated in the zoning regulations, which are basically legislative enactments, and such intent must be found from the intent expressed in the regulations construed as a whole." Pleasant View FarmsDevelopment v. Zoning Board of Appeals, 218 Conn. 265, 272.[2] "The [property owner] bears the burden of proving the existence of a nonconforming use." Bauer v. Waste Management of Connecticut, Inc.,234 Conn. 221, 240.
The record reveals that plaintiff presented evidence to the ZBA that at some point in time, the subject property was used year round. (ROR, CT Page 12276 Exhibit 2: July 29, 2000 letter from Connecticut Water to plaintiff; ROR, Exhibit 5: assessor's record; ROR, Document 1: transcript, pages15-16, testimony of Harriet Sikolesky that she knew that the subject property was used for thirty-four years as a year round residence.) The record further reveals, however, that plaintiff failed to present evidence that the subject property was used year round as of the enactment of the 1953 Madison zoning regulations, in which the property was zoned SCA. Accordingly, plaintiff failed to meet his burden of proving the existence of a nonconforming use to the ZBA.
Finally, plaintiff argues that, because there is no definition of "seasonal use" in the zoning regulations, the ZBA incorrectly interpreted the regulations and, consequently, misapplied the regulations to the facts before it. In support of this argument, plaintiff cites Hart v.Young, Superior Court, judicial district of New London at Norwich, Docket No. 082276 (March 23, 1988, Miano, J.), where a couple converted property used in the summer months to a year round residence. Id. A fire partially destroyed the building and the couple was cited for violation of the pertinent zoning regulations. Id. The issue was expansion of a nonconforming use, versus the present case in which the issue is whether the subject property is nonconforming. Furthermore, in Hart v. Young, no facts were before the court that the property had ever been zoned seasonal, unlike the present case where the property was zoned SCA. Thus, plaintiff's reliance on Hart v. Young, supra, is misplaced. The burden remains on Young to show that the subject property was legally nonconforming as of the enactment of the 1953 zoning regulations and the record reveals that he failed to do so.
The phrase "seasonal use" has no unusual meaning; these words have their usual commonly understood meaning. Cummings v. Tripp, 204 Conn. 67,83. Plaintiff recognizes that "fifty-four (54) of those dwelling units are seasonal or summer cottages."
Accordingly, plaintiff's appeal from the ZBA's decision is denied.
Ronald J. Fracasse Judge of the Superior Court